## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **COMANCHE NATION, OKLAHOMA** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **Phillip LUJAN, Judge of the Court of** | ) | |
| **Indian Offenses, Anadarko, Oklahoma** | ) | |
| **In his Official and Individual Capacities,** | ) | |
| **Defendant.** | ) | |

### COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

Plaintiff Comanche Nation, a federally-recognized Indian tribe, complains of an actual controversy with Defendant over the interpretation and enforceability of federal laws and regulations, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff is the Comanche Nation of Oklahoma, formerly known as the Comanche Tribe of Oklahoma ("Comanche Nation" or "Nation"), a federally recognized Indian tribe.  70 Fed. Reg. 71194 (November 25, 2005).  The Comanche Nation, a sovereign under the protection of the laws, jurisdiction, and government of the United States of America, is governed by a constitution originally adopted on November 19, 1966, as amended, pursuant to the tribe's inherent sovereign authority.  The Nation's tribal headquarters are located north of Lawton, Oklahoma in Comanche County on property held by the United States in trust for the Comanche Nation.  The Comanche Nation, its offices and its property are within the service area of the Anadarko Agency and the Southern Plains Regional Office of the Bureau of Indian Affairs, United States Department of the Interior.

2.     Defendant Phillip Lujan is employed as a Magistrate of the Court of Indian Offenses for the Southern Plains Regional Office of the Bureau of Indian Affairs ("BIA"),

Department of the Interior, located in Anadarko, Oklahoma.  Defendant Lujan is being sued in his individual and judicial capacity.

3.      This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201 to determine an actual controversy between the parties.  Because the plaintiff's cause of action arises under the laws and regulations of the United States, specifically 25 U.S.C.A. § 1911 and 25 C.F.R. Part 11, this Court has original jurisdiction under the authority of 28 U.S.C.A. §§ 1331 and 1362.  Plaintiff submits to this court's jurisdiction for the limited and sole purpose of securing the relief prayed for herein.

4.      Venue properly lies in the Western District of Oklahoma under 28 U.S.C.A. §1391(e)(2) and (3) because Defendant is an officer or employee of the United States Department of the Interior acting in his official capacity under color of legal authority, and both, a substantial part of the events or omissions giving rise to the claim occurred and the Plaintiff are within this judicial district.

## FACTS

5.      Plaintiff Comanche Nation adopts and realleges Paragraphs 1 through 4 of this Complaint.

6.      The United States Department of the Interior established a system of Courts of Indian Offenses nationwide to provide judicial services to Indian tribes that have not established their own judicial systems.   The Courts of Indian Offenses were established by federal regulations set forth in 25 C.F.R. Part 11 (and thus are also known as "CFR Courts").  The Department of the Interior has cited the following statutes as authority for the establishment of these courts, although none of these laws specifically authorize establishment of such courts:  5

U.S.C. § 301, 25 U.S.C. § 2, 25 U.S.C. § 9, 25 U.S.C. § 13, and 25 U.S.C. § 200.  See 25 C.F.R. Part 11, "Authority."

7.     The Court of Indian Offenses of the Southern Plains Regional Office of the Bureau of Indian Affairs, United States Department of the Interior, Anadarko, Oklahoma, was officially established as part of the Courts of Indian Offenses system on June 27, 1978.

8.     The Court of Indian Offenses acts as a tribal court for those Oklahoma tribes listed in 25 C.F.R. § 11.100 that are within the service area of the Southern Plains Regional Office; and exercises criminal jurisdiction and civil jurisdiction, including jurisdiction related to children in need of care, subject to those limitations set forth in 25 C.F.R. §§ 11.102, 11.103, and 11.104.

9.     The federal regulation listing the tribes that utilize the Courts of Indian Offenses includes the "Comanche Tribe of Oklahoma (except Comanche Children's Court)." 25 C.F.R. § 11.100(a)(9)(vi).   The Court of Indian Offenses thus possesses jurisdiction over matters involving the Comanche Nation and its members, *except* jurisdiction over cases involving Comanche children under the exclusive jurisdiction of the Comanche Children's Court, and subject to the limitations in 25 C.F.R. §§ 11.102, 11.103, and 11.104.

10.     The Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1911(a), recognizes and requires that tribal courts possess exclusive jurisdiction over "child custody proceedings" involving children domiciled in Indian country and exclusive jurisdiction over "child custody proceedings" involving children who have been made wards of the tribal court, notwithstanding their residence or domicile.  The ICWA, 25 U.S.C. § 1911(b), also recognizes that tribal courts have concurrent jurisdiction with state courts over other Indian child custody proceedings.

11.     The ICWA, 25 U.S.C. § 1903(1), defines "child custody proceedings" to include foster care placements, terminations of parental rights, preadoptive placements, and adoptions.

12.     The Comanche Nation Children's Court ("Comanche Children's Court") was established in 1982, is actively engaged in hearing child welfare cases involving Comanche children, and is the authorized tribal court possessing jurisdiction over all such child custody proceedings.

13.     The Comanche Nation's Children's Code, § 1-1-4, provides that the Comanche Children's Court possesses exclusive jurisdiction over Comanche children who are neglected or dependent, delinquent, in need of supervision or in need of treatment; and exclusive jurisdiction over adoption proceedings and child support enforcement involving such children.

14.     The Comanche Nation's Children's Code, § 1-1-11, provides:  "Until such time as the Children's Court can handle appeals, appeals by a party of a judgment of the Court will use the appeals procedure of the CFR Juvenile Court."  This provision authorizes the use of the procedural rules of the CFR Juvenile Court by the Comanche Nation; it does not establish the Court of Indian Offenses or the Court of Indian Appeals as the judicial forum for exercise of appellate authority over appeals from decisions of the Comanche Children's Court.  Therefore, the Court of Indian Offenses and the Court of Indian Appeals are without authority with regard to child welfare matters affecting Comanche children.

15.     The Comanche Nation has contracted with the United States Department of the Interior to provide social services in child welfare cases involving Comanche children through the Comanche Nation Indian Child Welfare Department, which actively provides such services, including without limitation providing services to Indian families, licensing foster parents,

placing Comanche children in foster homes, monitoring foster placements, filing reports with the Comanche Children's Court, and appearing at hearings before the Comanche Children's Court.

16.     Acting solely and purportedly in the capacity of the "Comanche Children's Court of Indian Appeals" (notwithstanding applicable regulations and rules requiring that the Court of Indian Appeals consists of a panel of three judges) on or about January 25, 2007, Defendant Lujan held a hearing on four (4) appeals filed by various parents involved in said cases between March 2006 and July 2006.   At the January 25, 2007 hearing, Defendant Lujan reversed termination orders that the Comanche Children's Court had issued in those cases based on due process issues, after he determined that Kathleen Flanagan, the Comanche Nation's Children's Court Prosecutor was not authorized to serve as the Prosecutor (or presenting officer), excluded her from the courtroom, and then proceeded to conduct the hearing with no legal representation of the Comanche Nation, all without prior notice to the Nation of the existence of any issue concerning the Comanche Children's Court Prosecutor's authority.   At the conclusion of the hearing, Defendant Lujan assumed jurisdiction over at least two (2) of the cases in order to make his own determination as to the status of the parents and placement of the children, without any statutory or regulatory authority.

17.     On January 26, 2007, Defendant Lujan, acting in his capacity as Magistrate for the "Court of Indian Offenses for the Comanche Nation," issued Administrative Order # ADM-07-A01.   The order states that it was issued "upon the court's own initiative and after having the *appellate* court for the Comanche Nation's Children's Court find that there is no presenting officer in place for the Tribe to present cases to the Court for action," which was an apparent reference to such finding made by Defendant Lujan himself at the hearing that he had conducted the previous day.   The order states that all new cases shall be filed by the Comanche Nation

Indian Child Welfare with his CFR Court. The order requires the immediate transfer of all pending and active cases in the "Comanche Children's Court" to his CFR Court no later than February 1, 2007, and sets a review hearing for February 13, 2007. Said order was issued without notice or hearing to the Comanche Nation, and without any basis in fact or in law.

18.     On information and belief and with no notice to the Comanche Children's Court, on or about January 29, 2007, Defendant Lujan issued "pick-up" orders, describing the children involved in two or more of the four cases addressed at the January 25, 2007 hearings as "wards of this Court" (purportedly referencing the "Court of Indian Offenses," i.e., the trial court, for the Comanche Nation in accordance with the caption of the case); describing the children as "in the legal custody of the Comanche Indian Child Welfare with authority to place;" finding, without hearing or findings of fact, good cause to remove the children from their existing foster care placements; ordering that law enforcement officials pick up the children; and ordering such law enforcement officials to "return said children to the custody of the Comanche Nation Indian Child Welfare Program representatives."

19.     One or more of these orders referenced in Paragraph 18 above apparently required return of a child or children directly to his or her parent(s), without further dispositional hearing concerning whether such placements were in the best interests of said child or children, and without written notice to the Comanche Indian Child Welfare Department or other parties, in violation of 25 C.F.R. §§ 11.1011 and 11.1013 (requiring notice to all interested parties prior to dispositional hearings).

20.     In hearing appeals, the powers of the "Court of Indian Appeals" are limited to the power to "affirm, reverse, vacate, modify, remand for further proceedings, or reward with directions the judgment of any Court of Indian Offenses or tribal entity which has adopted this

6

court as the appeals court, subject to the jurisdiction of the Anadarko Area Office."  Anadarko Court of Indian Appeals Rule 4.1.a.  Thus, even if the "Court of Indian Offenses" (sitting as a panel of Magistrates) had possessed jurisdiction over the four (4) appeals addressed by Defendant Lujan at the January 25, 2007 hearings (which it does not), the proper procedure upon reversal would have been to remand them to the "Comanche Children's Court" for further proceedings consistent with the Court's findings, which may include new trials in any termination proceedings involving due process violations.

21.    On January 30, 2007, the Comanche Nation filed an Emergency Petition for Writ of Prohibition and Brief in Support in the real "Court of Indian Appeals" (the authorized superintending court for the Defendant Lujan's "Court of Indian Offenses"), seeking a writ of prohibition under Anadarko Court of Indian Appeals Rule 4.1 to forbid Defendant Lujan from enforcing the Administrative Order entered on January 26, 2007, and vacating that order and all orders issued in the hearings held on January 25, 2007.  This petition was filed for the purpose of protecting the jurisdiction of the "Comanche Children's Court" from Judge Lujan's unauthorized usurpation of authority and protecting the children who are or may become wards of that court by ensuring that proper procedures are followed with regard to placement decisions concerning them.

22.    On February 6, 2007 the foster parents of some of the children involved in the four (4) cases specifically addressed at the January 25, 2007 hearings simultaneously filed petitions with the real "Court of Indian Appeals" and the "Comanche Children's Court," seeking return of the children to them as foster care placements.

23.    On or about February 6, 2007, the "Comanche Children's Court" issued orders in the cases filed by the foster parents, finding that the January 29, 2007 "pick-up" orders issued by

Defendant Lujan were not binding on the "Comanche Children's Court" due to the Court's exclusive jurisdiction and authority over the children, who were wards of the court, and its exclusive authority to make decisions concerning the foster care placements of said children; finding that the Court had not been advised that any change of circumstances had arisen in the foster care placements requiring issuance of emergency pick-up orders; ordering that until further order, the Comanche Nation Indian Child Welfare personnel, and all other individuals having physical custody of the children, were required to immediately release the children into the physical custody of each of the respective foster parents who had petitioned for return of the children; and authorizing and directing Comanche and Bureau of Indian Affairs law enforcement agencies to ensure that the order was carried out in a peaceable manner.

24.    On February 7, 2007, purportedly acting in the capacity of the "Court of Indian Appeals for the Comanche Children's Court," Defendant Lujan issued an order in each of the four (4) cases that were the subject of the January 25, 2007 hearings, which recited that "on information and belief" the "Comanche Children's Court" had issued emergency pick-up orders for the child or children involved in each case, and stating that those orders were "in direct violation of the orders of this Court and exhibits contempt for the authority of this Court and the law under which it must abide;" ordering that such "Comanche Children's Court" orders be ordered "set aside and held for naught;" and further ordering the "Comanche Children's Court," more specifically Judge Deloris Karty and Judge Reeves Nahwooks, to "cease and desist any further unilateral actions regarding this Court's Order[s]," and to appear on February 13, 2007 to show cause why they should not be held in contempt of the Court "for the actions outlined above."

25.     Defendant Lujan's January 25, 2007 and February 7, 2007 orders were in direct violation of the requirements of 25 C.F.R. Part 11 regarding actions by the "Court of Indian Appeals" involving appeals.   According to 25 C.F.R. § 11.911(d), "All appeals shall be conducted in accordance with this part."  Part 11 requires that appeals "shall be heard by a panel of <u>three</u> magistrates who were not involved in the trial of the case."   25 C.F.R. § 11.200 (emphasis added).

26.     Defendant Lujan's February 7, 2007 order was in direct violation of the procedural requirements of 25 C.F.R. Part 11 and the Anadarko Court of Indian Appeals Rules regarding actions by the "Court of Indian Appeals" involving special writs.  Part 11 provides that the chief magistrate of the *appellate* division shall prescribe all necessary rules concerning the operation of the appellate division.  25 C.F.R. § 11.806.  Rule 4.2 of the Anadarko Court of Indian Appeals Rules, which defines the powers of the Court, provides that the "Court of Indian Appeals" will not "stay any proceeding in the Court of Indian Offenses or assume jurisdiction in any case unless at least two (2) members of the court shall agree."

27.     Defendant Lujan has purported to act alone, now sitting as the Court of Indian Appeals, and not in conjunction with any other Magistrate or Magistrates as required by the aforesaid Rules and federal regulations.

28.     The orders issued by two (2) different courts that have conflicting provisions place the Nation's child protective and law enforcement personnel in jeopardy of being found in contempt of one of the courts and potentially liable in civil damages for failing to follow the correct order, which in the present case is any order of the "Comanche Children's Court" involving Comanche child custody proceedings.

29.     On February 8, 2007, upon inquiry by counsel for the Comanche Nation, the CFR Court Clerk at Anadarko stated that the Nation's January 30, 2007 Emergency Petition for Writ of Prohibition and the foster parents' February 5, 2007 petitions for Writ of Prohibition and Mandamus, all of which were filed with the real "Court of Indian Appeals," had been retained for disposition by Defendant Lujan, acting solely in the purported and fictional capacity of the "Court of Indian Appeals for the Comanche Children's Court."

30.     Defendant Lujan's apparent intent to act alone in the capacity of the "Court of Indian Appeals," review his own previous orders, and grant or deny the Comanche Nation's January 30, 2007 Emergency Petition for Writ of Prohibition and the foster parents' February 5, 2007 petitions is in direct violation of the procedural requirements of 25 C.F.R. Part 11 and the Anadarko Court of Indian Appeals Rules regarding actions by the "Court of Indian Appeals" involving special writs, 25 C.F.R. § 11.806; Anadarko Court of Indian Appeals Rule 4.2.  (See Paragraph 26 of this Complaint).

31.     On February 8, 2007, the Comanche Nation filed a document again seeking an immediate hearing by the duly constituted "Court of Indian Appeals" on its January 30, 2007 Emergency Petition for Writ of Prohibition, seeking a stay of the February 13, 2007 hearings, and seeking issuance of a writ of prohibition to prevent the Defendant Lujan (acting in his capacity as Magistrate of the Court of Indian Offenses and in his purported capacity as the Court of Indian Appeals) from exercising any further trial or appellate authority concerning children who are wards of or subject to the jurisdiction of the "Comanche Children's Court," and rendering void all *ultra vires* orders issued by Magistrate Phillip Lujan.

32.     Due to the apparent refusal of the Court Clerk for the Anadarko "Court of Indian Offenses/Court of Indian Appeals" (which may or may not be based on instructions from

Defendant Lujan) to notify three Magistrates who could properly serve as a panel of the "Court of Indian Appeals" to consider Comanche Nation's filing of its January 30, 2007 Emergency Petition for Writ of Prohibition, on February 9, 2007, the Nation sent via facsimile transmission said document, together with the document filed on February 8, 2007, to three of the four attorneys believed by the Nation to be Magistrates of the "Court of Indian Offenses" who could properly serve as a panel of the real "Court of Indian Appeals."

33.     As of the date of filing of this Complaint, the Nation has not received any response from the "Court of Indian Appeals" regarding its Emergency Petition for Writ of Prohibition or its request for emergency hearing; nor has it received any notice from Defendant Lujan (sitting in any fictional capacity) regarding its Emergency Petition for Writ of Prohibition.

## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF)

34.     Plaintiff Comanche Nation adopts and realleges Paragraphs 1-33 of this Complaint.

35.     An actual controversy exists between the parties regarding the jurisdiction of the "Comanche Children's Court" over child custody cases involving Comanche children, due to the unauthorized assertion of jurisdiction over such cases by Defendant Lujan.

36.     Defendant Lujan acted outside the scope of his authority as an appellate court for the Comanche Children's Court in four (4) specific child custody proceedings in direct violation of the ICWA, 25 U.S.C. § 1911, 25 C.F.R. §§ 11.100, 11.911, 11.806, the applicable Anadarko Court of Indian Appeals Rules and controlling precedent of the "Court of Indian Appeals."

37.     Defendant Lujan acted as a trial court in issuing orders disturbing the placements of the children involved in said child custody proceedings in violation of ICWA, 25 U.S.C. § 1911, 25 C.F.R. §§ 11.100, 11.1011 and 11.1013 and in derogation of the law of the Comanche Nation.

38.     Defendant Lujan was not authorized by federal law or regulation to issue the January 26, 2007 "Administrative Order," which purports to assume the jurisdiction of the "Comanche Children's Court" and reflects an intent to disturb the placement of dozens of additional children at the scheduled February 13, 2007 "review hearing."

39.     Defendant Lujan was not authorized by federal law or regulation to issue the February 7, 2007 order under color of authority of the "Court of Indian Appeals," ordering two (2) Comanche Children's Court judges to appear and show cause why contempt orders should not be issued against them at the scheduled February 13, 2007 "contempt hearing."

40.     Plaintiff Comanche Nation is entitled to a declaratory judgment recognizing the exclusive jurisdiction of the "Comanche Children's Court" over Comanche child custody proceedings as defined by the Indian Child Welfare Act.

**SECOND CAUSE OF ACTION**
**(INJUNCTIVE RELIEF)**

41.     Plaintiff Comanche Nation adopts and realleges Paragraphs 1-40 of this Complaint.

42.     On information and belief, absent injunctive relief from this Court, Defendant Lujan intends to implement the "Administrative Order" issued on January 26, 2007 regarding assumption of all of the cases of the "Comanche Children's Court" and setting review hearings involving all such cases for the afternoon of February 13, 2007, and regarding his February 7,

2007 order requiring Comanche Children's Court Judges Deloris Karty and Reeves Nawooks to appear and show cause why they should not be held in contempt of the "Court of Indian Offenses" and the "Court of Indian Appeals."  Such implementation could result in the wholesale removal of Comanche children from their foster homes without the benefit of proper dispositional hearings, and fining or incarceration of Comanche Children's Court Judges Deloris Karty and Reeves Nawooks. Any of these actions would result in irreparable harm to the Comanche Nation, including injury to the reputation and jurisdiction of the Comanche Children's Court, obstruction of the ability of the Comanche Nation to protect the interests of its children, and harm to the children served by the "Comanche Children's Court."

43.     The Nation has no adequate remedy at law, because monetary damages against Defendant Lujan would not cure the irreparable harm to the "Comanche Children's Court" and Comanche children, and actions for such relief are precluded by judicial immunity.

44.     The Nation has attempted to exhaust federal administrative remedies. However, such attempts have proven futile based upon the unlawful retention and delay by Judge Lujan's CFR Court of the Nation's Petition for Writ of Prohibition which could, and properly should, have been considered by the appropriately constituted Court of Indian Appeals panel well in advance of tomorrow's hearing.  Because of continuing violations of due process by Judge Lujan concerning the matters raised herein, exhaustion of such remedies are futile.

45.     The Nation enjoys a likelihood of success on its claim for declaratory relief against Defendant Lujan.

46.     Plaintiff Comanche Nation is entitled to a temporary restraining order to stay the hearing set for February 13, 2007, and a preliminary and permanent injunction restraining Defendant Lujan.

WHEREFORE, plaintiff Comanche Nation prays for judgment in its favor, and against Defendant Lujan, as follows:

(1)     Declaratory judgment that the "Comanche Children's Court" possesses exclusive jurisdiction over child custody proceedings, that Defendant Lujan violated the ICWA, § 1911, federal regulations governing the "Court of Indian Offenses" and "Court of Indian Appeals," and applicable court rules; that Defendant Lujan had no jurisdiction as a Magistrate of the "Court of Indian Offenses" or the "Court of Indian Appeals" over the "Comanche Children's Court" and the children within the exclusive jurisdiction of the "Comanche Children's Court," and that all orders issued by him regarding such matters are void.

(2)     Temporary restraining order staying:   (a) Defendant Lujan's "Administrative Order" filed in this action on January 26, 2007, which sets review hearings in all of the cases subject to the Nation's jurisdiction on February 13, 2007; (b) Defendant Lujan's February 7, 2007 order setting a February 13, 2007 hearing for the "Comanche Children's Court" judges to show cause why they are not in contempt of his court; and (c) any further actions of Defendant Lujan with regard to Comanche child custody proceedings subject to the exclusive jurisdiction of the "Comanche Children's Court;" and

(3)     Preliminary and permanent injunction prohibiting Defendant Lujan from assuming or exercising jurisdiction of any Comanche child custody proceedings subject to the exclusive jurisdiction of the "Comanche Children's Court" as defined by the Comanche Children's Code, § 1-1-4, and subject to the exclusive or concurrent (with state courts) jurisdiction of "Comanche Children's Court" as

required by the Indian Child Welfare Act, § 1911; and prohibiting him from enforcing any orders issued under his purported authority of the "Court of Indian Offenses" or the "Court of Indian Appeals;" and

(4)     Such other relief determined appropriate by this Court.

<u>Dated this 12th day of February, 2007</u>.

> Respectfully submitted,
>
> **HOBBS, STRAUS, DEAN & WALKER, LLP**
> Attorneys for Comanche Nation
>
> <u>s/ William R. Norman Jr.</u>
> William Norman, OBA No. 14919
> L. Susan Work, OBA No. 3799
> James Burson, OBA No. 20037
> **HOBBS, STRAUS, DEAN & WALKER, LLP**
> Second Floor, 117 Park Avenue
> Oklahoma City, OK   73102
> Telephone:  (405) 602-9425
> Facsimile:  (405) 602-9426